## Georgia Railroad vs. Smith, Governor.

Complaint, from Fulton. Evidence. Principal and Agent. Admissions. (Before Judge Hammond).

[This case was argued at the last term, and the decision reserved.]

Hall, J.—Where suit was brought by one railroad company against another connecting with it, alleging that the plaintiff, the defendant and another railroad company all entered into a contract to transport certain iron at a given rate, and the freight was to be apportioned among the three companies on the basis of the rate fixed, and that, in a settlement, the plaintiff accounted to the defendant at a higher rate for a portion of the service, and sought to recover the excess so paid above the agreed rate, and where the defendant contended that the agreed rate was to continue only during the summer months, and that for any freight thereafter transported it and the other roads engaged in shipping the iron were to have advanced rates, it was admissible for the defendant to introduce in evidence a memorandum made by the general freight agent of the plaintiff for the purpose of instituting suit against the party for whom the transportation was done, such memorandum indicating that at the time it was made, the plaintiff's agent understood the contract to be as the defendant contended that it was, and the agent who made it having been authorized to do so in the prosecution of the plaintiff's claim, and having acted within the scope of his authority in making it. In this transaction, he was the *alter ego* of the plaintiff. Code, §§3787, 2206.

(a) If there be other errors in the record, they are such as do not seem material, and they will doubtless be corrected on another hearing.

Judgment reversed.

Hillyer & Bro., for plaintiff in error.

C. Anderson, attorney general ; C. D. Hill, solicitor general; N. J. Hammond; Spears & Simmons, for defendant.